UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TINA LOUISE K.,

         Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

         Defendant.
_____

**DECISION AND ORDER**

1:20-CV-01541 EAW

## **INTRODUCTION**

Represented by counsel, plaintiff Tina Louise K. ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g).

Presently before the Court are the parties' cross motions for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 8; Dkt. 9) and Plaintiff's reply (Dkt. 10). For the reasons discussed below, the Commissioner's motion (Dkt. 9) is granted and Plaintiff's motion (Dkt. 8) is denied.

## BACKGROUND

Plaintiff protectively filed her applications for DIB and SSI on September 30, 2016. (Dkt. 6 at 90, 94).[1] In her applications, Plaintiff alleged disability beginning September 2, 2016. (*Id.* at 81, 94). Plaintiff's applications were initially denied on March 3, 2017. (*Id.* at 94, 111-22). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Anthony Dziepak on January 9, 2019. (*Id.* at 42-74). On January 25, 2019, the ALJ issued an unfavorable decision. (*Id.* at 91-106). Plaintiff requested Appeals Council review; the Appeals Council granted Plaintiff's request and on August 24, 2020, issued an unfavorable decision considering additional material evidence and ultimately adopting the ALJ's findings and conclusions regarding's Plaintiff's claim of disability. (*Id*. at 6-11). This action followed.

## LEGAL STANDARD

**I.     District Court Review**

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

---

[1]     When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.  Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id*. §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id*. §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id*. §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id*. §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id*. §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id*. §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

**I.     The ALJ's Decision**

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ

determined that Plaintiff met the insured status requirements of the Act through June 30, 2018. (Dkt. 6 at 97). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful work activity since September 2, 2016, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff suffered from the severe impairments of anxiety disorder and affective disorder. (*Id.*). The ALJ also found that Plaintiff suffered from the nonsevere impairment of headaches. (*Id.*).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.*). In particular, the ALJ considered the requirements of Listing 12.04 in reaching her conclusion. (*Id*. at 97-98).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform a full range of work at all exertional levels, with the following non-exertional limitations:

> [Plaintiff is] limited to performing simple repetitive work tasks in a non-assembly line type production-paced setting involving no interaction with the public and only occasionally interaction with supervisors and co-workers, but no team and/or tandem collaborative type work. She is able to make simple work-related decisions and adapt to simple changes in a routine work setting.

(*Id.* at 98). At step four, the ALJ relied on the testimony of a vocational expert ("VE") to find that Plaintiff was capable of performing her past relevant work as a cleaner and personal care attendant/home health aide. (*Id.* at 101).

In the alternative, at step five, the ALJ relied on the testimony of the VE to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including

the representative occupations of kitchen helper, price marker, and printer circuit board screener. (*Id.* at 101-02). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. (*Id.* at 102).

## II. **The Commissioner's Determination is Supported by Substantial Evidence and Free from Reversible Error**

Plaintiff asks the Court to reverse the Commissioner's decision or to remand for further administrative proceedings, arguing that the ALJ erred by giving partial weight to the opinion of psychiatric consultative examiner Dr. Janine Ippolito but then failing to incorporate Dr. Ippolito's conclusions regarding Plaintiff's ability to deal with stress into the RFC finding without adequate explanation. The Court is not persuaded by this argument, for the reasons discussed below.

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id*. Under the regulations applicable to Plaintiff's claim, a consultative examiner's opinion is not entitled to any particular weight, and an ALJ is free to discount those portions of the opinion that are not supported by the other evidence of record. *See Dukes v. Comm'r of Soc. Sec.,* No. 6:19-CV-06025 EAW, 2020 WL 5651610, at *5 (W.D.N.Y. Sept. 23, 2020) ("Dr. Chu and Dr. Jonas were both consultative examiners and their opinions were thus not entitled to any particular weight; instead, the ALJ was 'free to disregard identified limitations . . . not supported by the evidence of record.'" (quoting *Torbicki v. Berryhill*, No. 17-CV-386(MAT), 2018 WL 3751290, at *5 (W.D.N.Y. Aug. 8, 2018))).

Dr. Ippolito examined Plaintiff on February 10, 2017.  (Dkt. 6 at 357).  On examination, Dr. Ippolito noted that: Plaintiff's manner of relating, social skills and overall presentation were adequate; her speech intelligibility was fluent and her expressive and receptive language were adequate; her thought processes were coherent and goal directed; her affect was anxious and her mood was dysthymic; she was alert and oriented; her attention and concentration were mildly impaired due to distractibility; her recent and remote memory skills were mildly impaired dure to distractibility; her intellectual functioning was estimated to be average to below average; her general fund of knowledge was appropriate to her experience; and her insight and judgment were fair.  (*Id*. at 358-59).

Based on her examination, Dr. Ippolito opined that Plaintiff was able to follow and understand simple directions and instructions, perform simple tasks independently, learn new tasks, perform complex tasks independently, and make appropriate decisions with no evidence of limitations.  (*Id*. at 360).  Dr. Ippolito further opined that Plaintiff could maintain attention and concentration with mild limitations and maintain a regular schedule, relate adequately with others, and appropriately deal with stress with moderate limitations.  (*Id*.). In assessing Plaintiff's RFC, the ALJ gave Dr. Ippolito's opinion partial weight.  (*Id*. at 100).

Plaintiff contends that the ALJ's RFC finding failed to incorporate Dr. Ippolito's finding that Plaintiff had moderate limitations in appropriately dealing with stress and that the ALJ failed to explain why he did not adopt this limitation. (Dkt. 8-1 at 12). The Court disagrees. As set forth above, the ALJ's RFC finding including significant non-exertional limitations, including a limitation to simple repetitive work tasks in a non-assembly line

type production-paced setting, limitations on interactions with the public, supervisors, and co-workers, a limitation to simple work-related decisions, and a limitation to simple changes in a routine work setting. (Dkt. 6 at 101). These limitations account for Dr. Ippolito's finding of moderate limitations in dealing with stress. *See, e.g., Lewis v. Comm'r of Soc. Sec.*, No. 1:18-CV-150-DB, 2019 WL 3321896, at *5 (W.D.N.Y. July 24, 2019) ("It is well settled that a limitation to unskilled work sufficiently accounts for moderate limitations in work-related functioning, including stress."); *Reyes v. Colvin*, No. 14-CV-734-JTC, 2016 WL 56267, at *6 (W.D.N.Y. Jan. 5, 2016) (finding limitation to "simple work with only occasional interaction with the public, co-workers and supervisors" accounted for opinion that the plaintiff had "moderate limitations in the ability to perform complex tasks, mild limitation in making appropriate decisions, and moderate limitation in the ability to relate adequately with others and deal with stress"); *Lafond v. Astrue*, No. 6:12-CV-6046(MAT), 2013 WL 775369, at *12 (W.D.N.Y. Feb. 28, 2013) ("The ALJ adequately accounted for Lafond's limitations in dealing with stress by restricting him to simple and repetitive tasks; no fast-paced production requirements; the necessity of making only simple decisions; and few, if any, changes in the workplace.").

Plaintiff's reliance on *Sean C. v. Comm'r of Soc. Sec.*, No. 20-CV-258, 2021 WL 2400011 (W.D.N.Y. June 11, 2021) is misplaced. There, the ALJ assigned "great weight" to a psychologist's medical opinion but failed to incorporate numerous mental limitations identified by the psychologist into the RFC finding. *Id*. at *4. The court noted in particular that the ALJ's finding that the plaintiff "had no limitations in interacting with co-workers or supervisors" was inconsistent with the psychologist's medical opinion and other

evidence of record demonstrating that the plaintiff became stressed by being around other people. *Id*. at *5. As such, "[t]he general restriction to simple, unskilled work [was] insufficient" to account for the plaintiff's mental limitations. *Id*. Here, by contrast, the ALJ did not impose a general restriction to simple, unskilled work. Instead, he crafted a detailed RFC finding that accounted for Plaintiff's report that her anxiety was exacerbated by being around other people. (*See* Dkt. 6 at 99).

Plaintiff identifies a number of occasions on which she claims to have had "sudden angry outbursts and overreactions to small stressors" (Dkt. 8-1 at 15 (internal quotation marks and alteration omitted)) and asserts that the ALJ should have performed a more in-depth analysis of her ability to handle stress. However, "[t]he ALJ does not have to reconcile every shred of evidence." *Roeda S. v. Comm'r of Soc. Sec.*, No. 120 CV 906 GLS ATB, 2022 WL 229086, at *15 (N.D.N.Y. Jan. 5, 2022), *adopted*, 2022 WL 226766 (N.D.N.Y. Jan. 26, 2022). Here, the ALJ repeatedly acknowledged Plaintiff's reports that she had difficulty interacting with others. (Dkt. 6 at 98-99). And, as noted above, the ALJ incorporated limitations into the RFC to account for those difficulties, consistent with Dr. Ippolito's opinion.

Moreover, the ALJ's conclusion that Plaintiff's stress would not preclude her from performing work consistent with the RFC finding is supported by the opinion of state agency medical consultant Dr. A. Dipelou, who opined that Plaintiff had: no limitations performing simple work; an adequate ability to handle brief superficial contact despite a reduced ability to deal with coworkers and the public; and an adequate ability to handle ordinary levels of supervision in customary work settings despite a reduced ability to

tolerate and respond to supervision. (Dkt. 6 at 85). It was ultimately Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ. *See Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018). The ALJ reasonably concluded that Plaintiff failed to meet her burden in this case. Accordingly, there is no basis for the Court to disturb the Commissioner's determination.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 9) is granted, and Plaintiff's motion for judgment on the pleadings (Dkt. 8) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

                                              ELIZABETH A. WOLFORD
                                              Chief Judge
                                              United States District Court

Dated:      July 11, 2022
             Rochester, New York